```
                               FILED                    RECEIVED
                               ENTERED                  SERVED ON
                                          COUNSEL/PARTIES OF RECORD

                                       MAY 09 2023

                                    CLERK US DISTRICT COURT
                                     DISTRICT OF NEVADA
                              BY:                          DEPUTY
```

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:21-CR-272-JAD-DJA |
| Plaintiff, | **Preliminary Order of Forfeiture** |
| v. | |
| MARTIN MAGALLON, | |
| Defendant. | |

This Court finds Martin Magallon pled guilty to Counts 1, 23, and 24 of a 24-Count Superseding Criminal Indictment charging him in Count 1 with conspiracy to deal in firearms without a license in violation of 18 U.S.C. §§ 371, 922(a)(1)(A), and 923(a); in Count 23 with felon in possession of firearm in violation of 18 U.S.C. § 922(g)(1); and in Count 24 with felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). Superseding Criminal Indictment, ECF No. 38; Government's Memorandum in Support of Guilty Plea, ECF No. 110; Change of Plea, ECF No. 115.

This Court imposes the forfeiture of the property set forth in Government's Memorandum in Support of Plea and the Forfeiture Allegations of the Superseding Criminal Indictment. Superseding Criminal Indictment, ECF No. 38; Government's Memorandum in Support of Guilty Plea, ECF No. 110; Change of Plea, ECF No. 115.

This Court finds, under Fed. R. Crim. P. 32.2(b)(1) and (b)(2), the United States of America has shown the requisite nexus between property set forth in Government's Memorandum in Support of Guilty Plea and the Forfeiture Allegations of the Superseding Criminal Indictment and the offenses to which Martin Magallon pled guilty.

The following property is (1) any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 922(g)(1); (2) any firearm or ammunition involved in or

used in any willful violation of 18 U.S.C. §§ 371, 922(a)(1)(A), and 923(a); and (3) any firearm or ammunition intended to be used in violation of 18 U.S.C. §§ 371, 922(a)(1)(A), and 923(a) and is subject to forfeiture under 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c) and 18 U.S.C. § 924(d)(1), (2)(C), and (3)(C) with 28 U.S.C. § 2461(c):

1. Glock 45, 9mm semi-automatic pistol bearing serial number BTUD635 equipped with a Glock selector switch attached;
2. a Glock 26 Gen 4, 9mm semi-automatic pistol bearing serial number WUH775 equipped with a Glock selector switch attached;
3. 2 Glock selector switches;
4. Daniel Defense, DD5, multi-caliber rifle bearing serial number DD5 002380;
5. one personally made firearm;
6. a Springfield Armory, XD, 45 caliber semi-automatic pistol bearing serial number US744436;
7. 2 Glock selector switches;
8. Winchester, 12-guage shotgun bearing serial number N1039055;
9. Adams Arms, AA-15 multi caliber rifle bearing serial number AA0005558;
10. Winchester, 1300 Defender, 12-gauge shotgun bearing serial number L2895478;
11. CZ, 2075 RAMI, 9 mm semi-automatic pistol bearing serial number D218317;
12. Sportsman derringer type .22 caliber pistol bearing serial number 018321;
13. Rohm Gesellschaft, RG 31, .38 special caliber revolver bearing serial number 016466;
14. 3 Glock selector switches;
15. 5 Glock selector switches;
16. 2 AR-style personally made firearms;
17. Glock 43x, 9mm caliber pistol bearing serial number BNUK234;

///

18. Diamondback, DB15, 5.56 caliber rifle bearing serial number "DB2025945" with an attached 30 round magazine;

19. 30 rounds 5.56 ammunition;

20. seventeen 7.62 caliber ammunition containing the headstamp "S&B," "7.62x51" and "21";

21. one .223 caliber ammunition containing the headstamp "Winchester" and "223 REM";

22. three .223 caliber ammunition containing headstamp "GFL" and "223 REM";

23. five .223 caliber ammunition containing the headstamp "FC" and ".223"; and

24. any and all compatible ammunition

(all of which constitutes property).

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Martin Magallon in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the times under the applicable statute when a petition

/ / /

1 contesting the forfeiture must be filed, and state the name and contact information for the
2 government attorney to be served with the petition, under Fed. R. Crim. P. 32.2(b)(6).

3 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual
4 or entity who claims an interest in the forfeited property must file a petition for a hearing to
5 adjudicate the validity of the petitioner's alleged interest in the property under 21 U.S.C.
6 § 853(n)(2), which petition shall be signed by the petitioner under penalty of perjury under
7 21 U.S.C. § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the
8 petitioner's right, title, or interest in the property, the time and circumstances of the
9 petitioner's acquisition of the right, title or interest in the property, any additional facts
10 supporting the petitioner's claim, and the relief sought.

11 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any,
12 must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas,
13 Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was
14 not sent, no later than sixty (60) days after the first day of the publication on the official
15 internet government forfeiture site, www.forfeiture.gov, whichever is earlier.

16 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the
17 petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States
18 Attorney's Office at the following address at the time of filing:

19 Daniel D. Hollingsworth
   Assistant United States Attorney
20 Misty L. Dante
   Assistant United States Attorney
21 501 Las Vegas Boulevard South, Suite 1100
   Las Vegas, Nevada 89101.
22

23 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice
24 described herein need not be published in the event a Declaration of Forfeiture is issued by
25 the appropriate agency following publication of notice of seizure and intent to
26 administratively forfeit the above-described property.
27 / / /
28 / / /

4

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED _May 9_, 2023.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE